**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STEVEN TORRES,

                    Petitioner,

      - against -

FRANK TRACY, Superintendent,
Downstate Correctional Facility,

                    Respondent.

**REPORT AND RECOMMENDATION**

**03 Civ. 3344 (KMK) (RLE)**

**To the HONORABLE KENNETH M. KARAS, U.S.D.J.:**

## I.  INTRODUCTION

*Pro se* petitioner, Steven Torres ("Torres"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on May 30, 2001, in New York State Supreme Court, Bronx County.  Torres was convicted of robbery in the first degree, and robbery and assault in the second degree.  He was sentenced to an aggregate term of imprisonment of ten years, followed by five years of post-release supervision.  He is currently incarcerated at Gowanda Correctional Facility.

Torres contends that he was denied his Fourteenth Amendment right to a fair trial when the trial court ordered a mid-trial **Ventimiglia** [**People v. Ventimiglia**, 52 N.Y.2d 350 (1981)] hearing.  Respondent argues that: 1) Torres's claim presents an issue of state law that is not cognizable for federal habeas review; and 2) even if cognizable, the state court decision was not contrary to, nor an unreasonable application of, clearly established federal law.

For the reasons set forth below, I recommend that Torres's petition be **DENIED**.

II. BACKGROUND

A. Factual History

On the evening of September 21, 1999, Torres and Carlos Hernandez ("Hernandez") encountered Irving Fernandez ("Fernandez") in the Bronx. *See* Trial Transcript ("Tr.") at 31. The two men pursued Fernandez when he attempted to flee. **Id**. at 32. Torres caught Fernandez, and both Torres and Hernandez attacked him. **Id**. at 33-34. Hernandez forcibly removed one of Fernandez's two gold chains, and Torres attempted to take the other, but failed. **Id**. at 34-35. Fernandez sustained injuries requiring medical treatment. **Id**. at 51. Fearing reprisal, Fernandez told the attending physician he had injured himself while roller-skating. **Id**. at 52-53. The next morning, accompanied by his mother, Fernandez reported the incident to the New York City Police Department. **Id**. at 55, 130, 142-43, 196. Torres was arrested on May 9, 2000. **Id**. at 221-23, 231.

At trial, Fernandez's mother testified that approximately two weeks after the incident Torres met her outside her residence, displayed a gun, and threatened to harm her and her family if the charges against him were not dropped. **Id**. at 163, 191, 194.

B. Procedural History

1. Trial Proceedings

Torres was tried on April 3, 2001, and waived his right to a jury. **Id**. at 1-6. The trial court conducted a **Sandoval** [**People v. Sandoval**, 34 N.Y.2d 371, 375 (1974)] hearing to determine whether Torres's prior convictions could be used at trial. The court permitted the prosecution to impeach Torres with his two prior convictions for weapon possession, but not with the facts underlying the convictions. **Id**. at 14. During trial, counsel for Torres objected to

the testimony of Fernandez's mother regarding her encounter with Torres, claiming such evidence prejudiced Torres and his defense strategy. **Id**. at 163, 181. The court recognized that this presented a **Ventimiglia** issue, suspended the trial, and had a second judge conduct the hearing.[1] **Id**. at 164, 186. That judge ruled the uncharged crime evidence admissible, finding that its probative value outweighed any prejudice to Torres. ***See* Ventimiglia** Transcript ("Vent. Tr.") at 14. When the trial resumed, the court permitted the introduction of the evidence from the **Ventimiglia** hearing, and noted the defense's objection. Tr. at 189-90. On May 30, 2001, the court found Torres guilty of robbery in the first degree, and robbery and assault in the second degree, and sentenced him to an aggregate term of imprisonment of ten years, followed by five years of post-release supervision. ***See*** Respondent's Affidavit in Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp. Aff.") at ¶ 4.

2. **Post-Trial Proceedings**

Torres appealed the judgment to the Appellate Division, First Department ("Appellate Division"), alleging that the trial court erred when it ordered a mid-trial **Ventimiglia** hearing in which the prosecution's failure to give advance notice of a prior uncharged crime prejudiced the defense and deprived Torres of his right to a fair trial under the Fourteenth Amendment. **Id**. at ¶ 7. On December 5, 2002, the Appellate Division unanimously affirmed the conviction. **People v. Torres**, 750 N.Y.S.2d 498 (App. Div. 1st Dep't. 2002). Torres's application for leave to appeal to the New York Court of Appeals, raising the same grounds, was denied on March 18,

---

[1] A **Ventimiglia** hearing is an evidentiary proceeding at which the trial court determines if the prosecution may introduce evidence of a defendant's prior uncharged crimes by examining whether the probative value of such evidence outweighs its threat of prejudice to the defendant. The hearing is usually conducted before trial commences. **Ventimiglia**, 52 N.Y.2d at 362.

3

2003.  **People v. Torres**, 99 N.Y.2d 633 (2003).

### III.  DISCUSSION

**A.     Timeliness**

A person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year of his conviction becoming final.  *See* 28 U.S.C. § 2244(d)(1).  A conviction becomes final when the "time to seek direct review in the United States Supreme Court by writ of certiorari expire[s]," that is, ninety days after the final determination by the state court.  **Williams v. Artuz**, 237 F.3d 147, 150 (2d Cir. 2001) (*quoting* **Ross v. Artuz**, 150 F.3d 97, 98 (2d Cir. 1998).  Torres's conviction became final ninety days after the March 18, 2003 denial of his application for leave to appeal to the New York Court of Appeals, or June 16, 2003.  His petition, filed on May 12, 2003, is therefore timely.

**B.     Exhaustion of Claims**

Pursuant to 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Court may not consider Torres's petition for habeas corpus unless he has exhausted all state judicial remedies.  28 U.S.C. § 2254(b)(1)(A); **Picard v. Connor**, 404 U.S. 270, 275 (1971); **Dorsey v. Kelly**, 112 F.3d 50, 52 (2d Cir. 1997).  This requirement of exhaustion is "based on considerations of comity between federal and state courts, ensuring that the state courts have an opportunity to consider and correct any violations of their prisoners' federal constitutional rights."  **Warren v. McClellan**, 942 F. Supp. 168, 170 (S.D.N.Y. 1996) (*citing* **Picard**, 404 U.S. at 275).  In order to satisfy substantive exhaustion, Torres's claim before the state courts must have been federal or constitutional in nature.  Although not an exacting standard, Torres must inform the state courts of "both the factual and the legal premises

4

of the claim [he] asserts in federal court." **Jones v. Vacco**, 126 F.3d 408, 413 (2d Cir. 1997) (*quoting* **Daye v. Attorney General**, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)). He may meet this requirement by:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claims in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

**Daye**, 696 F.2d at 194. Procedurally, Torres must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See* **Bossett v. Walker**, 41 F.3d 825, 828 (2d Cir. 1994). He must raise a federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.'" **Id**. (*quoting* **Pesina v. Johnson**, 913 F.2d 53, 54 (2d Cir. 1990).

Torres has sufficiently presented his brief and petition so as to alert the state courts and this Court of the constitutional nature of his claim, namely by invoking his due process rights as guaranteed by the Fourteenth Amendment. *See* Defendant-Appellant's Brief to the Appellate Division, First Department ("Def. Br.") at 21; Torres's Petition for Writ of Habeas Corpus ("Pet.") at 4. Torres properly raised his claim in a direct appeal to the Appellate Division and also in his application for leave to appeal to the New York Court of Appeals. Resp. Aff. at ¶¶ 7-9. As Torres has utilized all avenues of appellate review and explicitly framed his claim in constitutional terms, the claim is exhausted and reviewable by this Court.

## C. Review on the Merits

### 1. Standard of Review

Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, this Court should grant a writ of habeas corpus if one of two conditions is satisfied: "the state court adjudication (1) resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." **Williams v. Taylor**, 529 U.S. 362, 412 (2000) (*quoting* 28 U.S.C. § 2254(d)(1));  *see also* **Shabazz v. Artuz**, 336 F.3d 154, 160-61 (2d Cir. 2003).  A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the] Supreme Court on a question of law" or if it "decides a case differently than [the] Supreme Court has on a set of materially indistinguishable facts." **Williams**, 529 U.S. at 413.  A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." **Id**.  "Clearly established federal law" refers only to Supreme Court "holdings, as opposed to the dicta, of its decisions as of the time of the relevant state court decision." **Id**. at 412.

An adjudication on the merits occurs when a state court: "(1) disposes of the claims 'on the merits;' and (2) reduces its disposition to judgment." **Sellan v. Kuhlman**, 261 F.3d 303, 313 (2d Cir. 2001) (*quoting* 28 U.S.C. § 2254(d)).  State courts are not required to explain their reasoning process in order to adjudicate on the merits. **Id**. at 311.  Since Torres's claim was

6

adjudicated on the merits in the appellate court, this Court must review it under the standard of deference set forth in 28 U.S.C. § 2254(d)(1).

**2. Merits of the Due Process Claim**

Torres asserts that the trial court violated his due process rights as guaranteed by the Fourteenth Amendment by conducting a mid-trial **Ventimiglia** hearing. Pet. at 4. Specifically, Torres claims that the prosecution's failure to give an earlier notice of its intent to introduce prior uncharged crime evidence had served, with the trial court's sanction, to prejudice and deprive him of a fair trial. **Id**. The state argues that Torres's habeas claim is not federally cognizable, asserting that the right to a **Ventimiglia** hearing is firmly grounded in state law, and any alleged failure to conduct a pre-trial hearing cannot amount to the violation of a federal constitutional right. Respondent's Memorandum of Law in Opposition to Petitioner's Application for a Writ of Habeas Corpus ("Resp. Mem.") at 4. The Court agrees.

There is no federal constitutional right to a hearing on the admissibility of uncharged crimes evidence before trial commences. "Because there is no Supreme Court rule that mandates the admission of the type of evidence in dispute here, it cannot be said that the state court decision is contrary to clearly established Federal law as determined by the Supreme Court." **Lurie v. Wittner**, 228 F.3d 113, 133 (2d Cir. 2000) (internal quotation marks omitted); *see* **Pena v. Fischer**, 2003 WL 1990331, *10 (S.D.N.Y. Apr. 30, 2003); **Jones v. Artuz**, 2002 WL 31006171, *9 (E.D.N.Y. Aug. 30, 2002). Torres relies on **Brady v. Maryland**, 373 U.S. 83 (1963). *See* Petitioner's Traverse at ¶ 2. This reliance is misplaced. Brady establishes a right for a defendant to favorable evidence in the possession of the prosecution, *see* **Brady**, 373 U.S. at 87, and does not

87, and does not address the issue here. The claim should be denied.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Torres's petition for writ of habeas corpus be **DENIED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Kenneth M. Karas, 500 Pearl Street, Room 920, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Sec'y of Health and Human Services**, 892 F. 2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: April 11, 2006**
**New York, New York**

                                               **Respectfully Submitted,**

                                               */s/ Ronald L. Ellis*
                                               **The Honorable Ronald L. Ellis**
                                               **United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Petitioner, *Pro Se*:
Steven Torres, 01-A-3525
Gowanda Correctional Facility
P.O. Box 311
Gowanda, New York 14070-0311


Attorney for Respondent:
Melissa R. DiPalo
Assistant District Attorney, Bronx County
198 East 161st Street
Bronx, New York 10451